**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COMMWORKS SOLUTIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>SANGOMA TECHNOLOGIES INC. and SANGOMA US INC.,<br><br>Defendants. | Civil Action No.: 2:23-cv-00534<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CommWorks Solutions, LLC ("CommWorks" or "Plaintiff"), by way of this Complaint against Defendants Sangoma Technologies Inc. and Sangoma US Inc., (collectively, "Sangoma" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff CommWorks Solutions, LLC is a limited liability company organized and existing under the laws of the State of Georgia, having its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

2. On information and belief, Defendant Sangoma Technologies Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 100 Renfrew Drive, Suite 100, Markham ON L3R 9R6, Canada.

3. On information and belief, Defendant Sangoma US Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 100 Renfrew Drive, Suite 100, Markham ON L3R 9R6, Canada. On information and belief, Sangoma US Inc. is registered to do business in Texas and has been since at least July 22, 2015. Sangoma US Inc.

may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX, 78701. On information and belief, Sangoma US Inc. is a wholly-owned subsidiary of Sangoma Technologies Inc.

4. On information and belief, Sangoma, either itself and/or through the activities of its subsidiaries, makes, uses, offers to sell, sells, and/or imports throughout the United States, including within this District, products and/or services that infringe the Patents-in-Suit, defined below. *See, e.g.*, *Packet Tread LLC v. Sangoma US, Inc.*, No. 5:17-CV-00038-JRG-CMC (E. D. Tex.), Answer to Complaint (Dkt. 7, filed May 12, 2017), at ¶ 5 ("Sangoma [US Inc.] admits that it sells and advertises products and services in the United States, the State of Texas, and this Judicial District.").

## <u>JURISDICTION AND VENUE</u>

5. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Sangoma of claims of U.S. Patent No. 8,224,909 and U.S. Patent No. 8,533,278. (collectively "the Patents-in-Suit").

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Sangoma Technologies Inc. is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) Sangoma Technologies Inc. has committed and continues to commit acts of patent infringement in the State of Texas; (ii) Sangoma Technologies Inc. purposefully supplies and directs the accused products for sales by itself, affiliates, and/or subsidiaries in the State of Texas; and (iii) Sangoma Technologies Inc. delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas. For example, Sangoma Technologies Inc. advertises, offers to sell, and sells their infringing products to customers in this State and this District through the Sangoma.com website.

In addition, or in the alternative, this Court has personal jurisdiction over Sangoma Technologies Inc. pursuant to Fed. R. Civ. P. 4(k)(2).

8. Venue is proper as to Sangoma Technologies Inc. in this District under 28 U.S.C. § 1391(c) because, *inter alia*, Sangoma Technologies Inc. is a foreign corporation.

9. Sangoma US Inc. is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) Sangoma US Inc. maintains a regular and established place of business in Texas at 5340 Legacy Drive, Suite 155, Plano, TX 75024; (ii) Sangoma US Inc. has committed acts of patent infringement in the State of Texas and/or has contributed to or induced acts of patent infringement by others in the State of Texas; and (iii) the patent infringement claims arise directly from Sangoma US Inc.'s continuous and systematic activity in the State of Texas.

10. Venue is proper as to Sangoma US Inc. in this Judicial District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, Sangoma US Inc. has a regular and established place located at 5340 Legacy Drive, Suite 155, Plano, TX 75024, and has committed acts of patent infringement in this Judicial District and/or has contributed to or induced acts of patent infringement by others in this Judicial District. For example, Sangoma US Inc. has admitted "that venue may be proper in this district …." *Packet Tread LLC v. Sangoma US, Inc.*, No. 5:17-CV-00038-JRG-CMC (E. D. Tex.), Answer to Complaint (Dkt. 7, filed May 12, 2017), at ¶ 6.

## **BACKGROUND**

11. On July 17, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,224,909 ("the '909 Patent"), entitled "Mobile Computing Device Facilitated Communication System."

12. The invention of the '909 Patent enhances conventional communication systems by using a bifurcated interface to enhance the convenience, flexibility, and functionality of faxing-related

tasks. ’909 Patent at col. 4:1-39. The bifurcated interface of the ’909 Patent accomplishes enhanced functionality by transmitting documents via a facsimile protocol and seamlessly delivering the document as an electronic file or an attachment to an email address. *Id.*, at col. 4:20-35. The bifurcated interface of the ’909 Patent further accomplishes convenient and enhanced entry of data associated with fax-to-email tasks, such as entry of an email address and custom text at a portable device unconstrained by location or time. *Id.*, at col. 4:5-9, 4:36-39. The bifurcated interface of the ’909 Patent further accomplishes the flexibility of communicating fax-to-email tasks and/or fax-to-fax tasks from multiple, separate interfaces and multiple users to a single interface host or one of multiple interfaces hosts. *Id.*, at col. 4:10-19.

13. On September 10, 2013, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,533,278 (“the ’278 Patent”), entitled “Time Based Wireless Access Provisioning.”

14. The invention of the ’278 Patent enhances conventional communication systems by using a bifurcated interface to enhance the convenience, flexibility, and functionality of faxing-related tasks. ’278 Patent at col. 4:4-42. The bifurcated interface of the ’278 Patent accomplishes enhanced functionality by transmitting documents via a facsimile protocol and seamlessly delivering the document as an electronic file or an attachment to an email address. *Id.*, at col. 4:23-38. The bifurcated interface of the ’278 Patent further accomplishes convenient and enhanced entry of data associated with fax-to-email tasks, such as entry of an email address and custom text at a portable device unconstrained by location or time. *Id.*, at col. 4:8-12, 4:39-42. The bifurcated interface of the ’278 Patent further accomplishes the flexibility of communicating fax-to-email tasks and/or fax-to-fax tasks from multiple, separate interfaces and multiple users to a single interface host or one of multiple interfaces hosts. *Id.*, at col. 4:13-22.

15. CommWorks is the assignee and owner of the right, title, and interest in and to the Patents-

in-Suit, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16. Sangoma has infringed the Patents-in-Suit by making, using, offering to sell, or selling in the United States, or importing into the United States facsimile-to-email (FEM) systems covered by the Patents-in-Suit ("Accused Products and Services").

**NOTICE**

17. By letter dated March 20, 2020, CommWorks via its legal counsel notified Sangoma that it infringes the Patents-in-Suit, identified exemplary infringed claims and infringing Sangoma products, and invited Sangoma to hold a licensing discussion with CommWorks.

18. By letter and email dated April 24, 2020, CommWorks via its licensing agent again notified Sangoma of the Patents-in-Suit and invited Sangoma to hold a licensing discussion with CommWorks.

19. By email dated May 21, 2020, CommWorks via its licensing agent followed up with Sangoma to initiate a licensing discussion.

20. By email dated June 2, 2020, Sangoma via its legal counsel requested additional information on CommWorks' infringement contentions.

21. By email dated July 2, 2020, CommWorks via its legal counsel sent Sangoma infringement charts detailing Sangoma's infringement of the Patents-in-Suit.

22. By email dated July 28, 2020, Sangoma via its legal counsel asked for clarification on CommWorks' infringement contentions.

23. By email dated August 17, 2020, CommWorks via its legal counsel responded to Sangoma's July 28, 2020 email providing responses to Sangoma's requests for clarification and again invited Sangoma to hold a licensing discussion with CommWorks.

24. To date, CommWorks has not received any further correspondence from Sangoma.

## COUNT I: INFRINGEMENT OF THE ’909 PATENT BY SANGOMA

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. On information and belief, Sangoma has infringed the ’909 Patent, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States and/or importing into the United States facsimile-to-email systems such as, for example, Sangoma’s PBXact Cloud system (included in “Accused Products and Services”).

27. For example, on information and belief, Sangoma has infringed at least claim 1 of the ’909 Patent by making, using, offering to sell, selling, and/or importing the Accused Products and Services including a facsimile-to-email system. *See* Exs 1-5 (showing that Sangoma hosts PBXact Cloud software (based on Sangoma’s FreePBX software) that provides Fax Pro and/or Fax as a Service (FaaS) to its customers). The facsimile-to-email system comprises a facsimile-to-email (FEM) server in communication with at least one communications network, a first mobile computing device, and a plurality of second mobile computing devices. *See* Exs. 5-8 (showing that PBXact Cloud with Fax Pro comprises a facsimile-to-email (FEM) server, e.g., Sangoma’s fully hosted Data Center, that communicates with at least one communications network, such as Internet/IP/FOIP/VOIP and/or PTSN/ISDN networks; and that the PBXact Cloud FEM server communicates, e.g., via the Internet, with mobile computing devices, such as smart phones, tablets, and/or laptops, via the mobile-friendly User Control Panel (UCP) web interface to enable users to send and receive faxes/emails). The FEM server is configured to receive first facsimile information from a first facsimile device and receive second facsimile information from a second facsimile device, wherein the first facsimile information is different than the second facsimile information. *See* Ex. 5, Ex. 8, Ex. 9 at 44, 50, 168, 176, Ex. 10 at 98-100, 105 (showing that, for example, the PBXact Cloud FEM server receives facsimile information, such as signaling, routing information, fax control, and/or fax image data, from facsimile devices, i.e., devices capable of

sending ITU-I T.30/T.38 facsimile transmissions; and that the PBXact Cloud FEM server is configured to receive multiple facsimile transmissions from multiple devices and/or users, i.e., a first facsimile transmission with first facsimile information from a first facsimile device is different than a second facsimile transmission with second facsimile information from a second facsimile device). The FEM server is configured to receive a first destination address for the first facsimile information from the first mobile computing device, wherein the destination address comprises at least one of an e-mail address or a telephone number. *See* Exs. 6-7 (showing that the PBXact Cloud FEM server receives a first destination address, such as a destination email address the user intends to receive the first facsimile information at, from the first mobile computing device). The FEM server is configured to receive a second destination address from one of the plurality of second mobile computing devices. *See* Exs. 5-7 (showing that the PBXact Cloud FEM server receives a second destination address, such as a destination email address from a second mobile computing device associated with a PBXact Cloud account/user that is different than the first destination address and first mobile computing device). The FEM server is configured to transmit the first facsimile information to the first destination address via the communications network and transmit the second facsimile information to the second destination address via the communications network. *See* Exs. 5-6 (showing that the PBXact Cloud FEM server transmits the first facsimile information in the form of a TIFF and/or PDF to the first destination address, e.g., the recipient's destination email address, via the communications network, such as the Internet, and transmits the second facsimile information in the form of a TIFF and/or PDF to the second destination address, e.g., the recipient's destination email address that is different than the first destination address, via the communications network, such as the Internet).

28. On information and belief, Sangoma has induced infringement of the '909 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging

others, including, but not limited to, its partners, customers, and end users, to use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products and Services by, among other things, providing the Accused Products and Services, software and/or firmware updates, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. *See* ¶¶ 17-24 above (explaining Sangoma's notice of infringement); Exs. 1-4 (marketing materials showing that Sangoma's PBXact Cloud software provides Fax Pro and/or Fax as a Service (FaaS) to its customers).

29. On information and belief, Sangoma has committed the foregoing infringing activities without a license.

30. On information and belief, Sangoma knew the '909 Patent existed and knew of exemplary infringing Sangoma products and services while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the '909 Patent.

31. CommWorks has complied with the statutory and judicial requirements for collecting past damages with respect to the '909 Patent.

**COUNT II: INFRINGEMENT OF THE '278 PATENT BY SANGOMA**

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. On information and belief, Sangoma has infringed the '278 Patent, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States and/or importing into the United States facsimile-to-email systems such as, for example, Sangoma's PBXact Cloud system (included in "Accused Products and Services").

34. For example, on information and belief, Sangoma has infringed at least claim 1 of the '278 Patent by making, using, offering to sell, selling, and/or importing the Accused Products and Services including a system comprising a facsimile-to-email (FEM) server for communicating

with at least one communications network and a mobile computing device. *See* Exs 1-5 (showing that Sangoma hosts PBXact Cloud software (based on Sangoma's FreePBX software) that provides Fax Pro and/or Fax as a Service (FaaS) to its customers); Exs. 5-7 (showing that PBXact Cloud with Fax Pro comprises a facsimile-to-email (FEM) server, e.g., Sangoma's fully hosted Data Center, that communicates with at least one communications network, such as Internet/IP/FOIP/VOIP and/or PTSN/ISDN networks; and that the PBXact Cloud FEM server communicates, e.g., via the Internet, with mobile computing devices, such as smart phones, tablets, and/or laptops, via the mobile-friendly User Control Panel (UCP) web interface to enable users to send and receive faxes/emails). The FEM server is configured to receive information from a facsimile component with a first identifier. *See* Ex. 5, Ex. 8, Ex. 9 at 44, 50, 168, 176, Ex. 10 at 98-100, 105 (showing that, for example, the PBXact Cloud FEM server receives information, such as signaling, routing information, fax control, and/or fax image data, from a facsimile component, e.g., a device and/or component of a device capable of sending ITU-I T.30/T.38 facsimile transmissions); Ex. 9 at vii, Ex. 11 at 3-9, 79-81, Ex. 12 at 7, Ex. 13 at 103 (showing that, for example, the PBXact Cloud FEM server receives a first identifier, such as a called (recipient) fax number, in a fax transmission from the facsimile component over a PSTN/ISDN network in call set-up messages, such as an Initial Address Message (IAM)); Ex. 10 at 43, 46, 58, 105, 106, 110 (showing that, for example, the PBXact Cloud FEM server receives a first identifier, such as a called (recipient) fax number, in a fax transmission from the facsimile component over an IP/FOIP/VOIP network in call set-up messages, such as a SIP INVITE and/or SETUP message). The FEM server is configured to receive a destination address with a second identifier, wherein the destination address is associated with the information, and is from the mobile computing device, and wherein the destination address comprises at least one of an e-mail address or a telephone number. *See* Exs. 5-7 (showing that the PBXact Cloud FEM server receives a

destination address with a second identifier, such as a destination email address the user intends to receive the facsimile at; and that the destination email address is associated with the facsimile information discussed above including the first identifier discussed above, e.g., by linking the destination email address to the recipient's fax number in the UCP settings on the mobile computing device). The FEM server is configured to determine that the destination address is an intended destination for the information based on at least one of the first and second identifiers. *See* Exs. 5-6 (showing that the PBXact Cloud FEM server determines that the destination email address is an intended destination address for the information discussed above based on the recipient's email address being linked to the recipient's fax number in the settings of the recipient's UCP account). The FEM server is configured to transmit the information to the destination address by the FEM server via the at least one communications network. *See* Ex. 6 (showing that the PBXact Cloud FEM server transmits the information discussed above to the recipient's destination email address using the communication network, such the Internet).

35. On information and belief, Sangoma has induced infringement of the '278 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, customers, and end users, to use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products and Services by, among other things, providing the Accused Products and Services, software and/or firmware updates, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. *See* ¶¶ 17-24 above (explaining Sangoma's notice of infringement); Exs. 1-4 (marketing materials showing that Sangoma's PBXact Cloud software provides Fax Pro and/or Fax as a Service (FaaS) to its customers).

36. On information and belief, Sangoma has committed the foregoing infringing activities

without a license.

37. On information and belief, Sangoma knew the ’278 Patent existed and knew of exemplary infringing Sangoma products and services while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the ’278 Patent.

38. CommWorks has complied with the statutory and judicial requirements for collecting past damages with respect to the ’278 Patent.

## PRAYER FOR RELIEF

WHEREFORE, CommWorks prays for judgment in its favor against Sangoma for the following relief:

A. Entry of judgment in favor of CommWorks against Sangoma on all counts;

B. Entry of judgment that Sangoma has infringed the Patents-in-Suit;

C. Entry of judgment that Sangoma’s infringement of the Patents-in-Suit has been willful;

D. Award of compensatory damages adequate to compensate CommWorks for Sangoma’s infringement of the Patents-in-Suit in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

E. CommWorks’ costs;

F. Pre-judgment and post-judgment interest on CommWorks’ award; and

G. All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: November 20, 2023

Respectfully submitted,

*/s/ Stafford Davis*
Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
State Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
815 South Broadway Avenue
Tyler, Texas 75701
Tel: (903) 593-7000
Fax: (903) 705-7369

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon Moore
bmoore@kblit.com
KHEYFITS BELENKY LLP
12600 Hill Country Blvd, Suite R-275
Austin, TX 78738
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*CommWorks Solutions, LLC*